# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LUCRETIA CARTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-20-DES |
| | ) |
| SOUTHEASTERN OKLAHOMA | ) |
| FAMILY SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter comes before the Court on the parties' Joint Motion to Seal Action and Supporting Brief. (Docket No. 54). For the reasons set forth below, the parties' Joint Motion to Seal Action is DENIED.

**I.     Background**

On January 13, 2022, Lucretia Carter ("Plaintiff") filed this lawsuit against her former employer, Southeastern Oklahoma Family Services, Inc. ("Defendant"), raising claims of sexual harassment and retaliation in violation of Title VII of the Civil Rights Act and negligent supervision. (Docket No. 2). On January 3, 2023, this Court granted Plaintiff's Motion to Dismiss and Plaintiff's claims against Defendant were dismissed without prejudice to refiling. (Docket Nos. 39, 40).

On November 6, 2023, Plaintiff filed a civil action in the District Court of McIntosh County, State of Oklahoma, again raising claims of sexual harassment and retaliation in violation of Title VII and negligent supervision and adding a claim of intentional infliction of emotional distress. On December 15, 2023, Defendant removed such case to this Court based on federal

question jurisdiction over Plaintiff's Title VII claims and supplemental jurisdiction over Plaintiff's state law claims, resulting in Case No. 23-cv-423-JDR-DES.

On January 2, 2024, Plaintiff filed a Motion to Vacate Dismissal and Reinstate Case. (Docket No. 42). Based on telephonic notice of settlement by Plaintiff's counsel, the Court deemed Plaintiff's Motion to Vacate Dismissal and Reinstate Case moot. (Docket No. 53).

The parties now seek to seal the entirety of the Docket in this case from the public record due to the sensitive nature of the sexual harassment claims, to protect the parties' and referenced nonparties' confidentiality interests, and to avoid having the alleged sexual harassment associated with Plaintiff's name and reputation. (Docket No. 54).

**II.     Standard of Review**

"'Courts have long recognized a common-law right of access to judicial records.'" *Colony Ins. Co. v. Burke,* 698 F.3d 1222, 1241 (10th Cir. 2012) (quoting *Mann v. Boatright,* 477 F.3d 1140, 1149 (10th Cir. 2007)). The public's right of access is not an absolute right, however. *JetAway Aviation, LLC v. Bd. of Cnty. Comm'rs of Montrose,* 754 F.3d 824, 826 (10th Cir. 2014). Accordingly, the Court may, in its discretion, "'seal documents if the public's right of access is outweighed by competing interests.'" *Helm v. Kansas,* 656 F.3d 1277, 1292 (10th Cir. 2011) (quoting *United States v. Hickey,* 767 F.2d 705, 708 (10th Cir. 1985)). In exercising such discretion, the Court "'weigh[s] the interests of the public, which are presumptively paramount, against those advanced by the parties.'" *United States v. Dillard,* 795 F.3d 1191, 1205 (10th Cir. 2015) (quoting *Helm,* 656 F.3d at 1292). The party seeking to overcome the strong presumption of public access must show that "countervailing interests heavily outweigh" the public interest in access to court proceedings and documents. *United States v. Bacon,* 950 F.3d 1286, 1293 (10th Cir. 2020) (quoting *Colony Ins.,* 698 F.3d at 1241) (internal quotation marks and citation omitted).

To do so, the party seeking to seal the records "must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *JetAway,* 754 F.3d at 826 (quoting *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.,* 663 F.3d 1124, 1135-36 (10th Cir. 2011) (internal quotation marks and citation omitted)). These principles are also reflected in Local Rule 79.1(a), which states: "It is the policy of this Court that sealed documents . . . are disfavored. Sealed documents . . . may be approved by the Court only upon a showing that a legally protected interest of a party, non-party or witness outweighs the compelling public interest in disclosure of records." LCvR 79.1(a).

### III. Analysis

Applying these legal principles, the Court finds that the parties have failed to articulate a sufficient interest to overcome the presumption of public access to judicial records. In essence, the parties argue that the presumption of open access is overcome simply because this case involves allegations of sexual harassment and has been settled without any admission of liability by the Defendant. (Docket No. 50). Although the parties are understandably concerned about the sensitive nature of the allegations, "[t]he presence of embarrassing and inflammatory facts in a case is not, without more, a qualifying countervailing interest. Indeed, huge swaths of judicial records would be rendered inaccessible if [the parties'] arguments were sufficient to seal an entire case." *J.B. v. Vaughn,* No. 2:18-cv-130, 2018 WL 11279681 at *2 (D. Utah Oct. 12, 2018). Accordingly, the Court finds the parties concerns about the sensitive nature of the allegations do not outweigh the paramount interest of public access to court records.

Moreover, the Court is not permitted to grant the parties' Motion to Seal Action simply because it is a joint motion. "The common-law right of access to judicial records may not be vitiated by agreement of the parties to a case. Individual litigants cannot waive, even bilaterally, a

right held by the public at large." *Id.* (citing *Wolinsky v. Scholastic, Inc.,* 900 F. Supp 2d 332, 338 (S.D.N.Y. 2012)).

    IT IS THEREFORE ORDERED the parties' Joint Motion to Seal Action (Docket No. 54) is DENIED.   !

    DATED this 16th day of October, 2024.

_____
D. Edward Snow
United States Magistrate Judge